# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

```
                                  )
UNITED STATES OF AMERICA,         )
            Plaintiff,            )
                                  )   Criminal No. 02-cr-10265-PBS
            v.                    )
                                  )
ANGEL CRUZ,                       )
            Defendant.            )
                                  )
```

**MEMORANDUM AND ORDER**

December 18, 2015

Saris, U.S.D.J.

*Pro se* petitioner Angel Cruz, having pled guilty to conspiracy to distribute heroin and two counts of possession with intent to distribute and distribution of heroin, brings this writ of habeas corpus pursuant to 28 U.S.C. § 2255. The probation office filed a petition alleging that Cruz had sold heroin in Tewksbury, Massachusetts while on supervised release, and sought the revocation of that release. At the hearing, Cruz admitted that the government could prove his violation by a preponderance of the evidence. Cruz now argues that his admission of the facts underlying the petition was not voluntary and that counsel was ineffective in permitting him to make his plea. There is no evidence in the record to support either claim. Petitioner's motion (Docket No. 157) is **DENIED**.

1

**DISCUSSION**

I.   **Standard of Review**

A prisoner may seek postconviction relief from his sentence if that sentence was imposed (1) in violation of the Constitution or laws of the United States or (2) by a court that lacked jurisdiction, or if that sentence (3) exceeded the statutory maximum or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; see Damon v. United States, 731 F.3d 1, 4 (1st Cir. 2013). "Section 2255 is not a surrogate for a direct appeal," and a petitioner bears the burden of establishing that such relief is necessary. David v. United States, 134 F.3d 470, 474 (1st Cir. 1998).

II.  **Analysis**

Cruz argues that his admission of facts sufficient to find a violation of supervised release was not knowing and voluntary because he was on medication for kidney stones at the hearing. He further argues that his attorney was ineffective in allowing him to make such an admission. Neither argument is a winner.

For one thing, Cruz's first claim is likely procedurally defaulted since he did not raise it on direct appeal. Bousley v. United States, 523 U.S. 614, 622 (1998); Bucci v. United States, 662 F.3d 18, 27 (1st Cir. 2011). Cruz has shown neither cause for his default nor actual prejudice resulting from any alleged

error. See, e.g., Damon v. United States, 731 F.3d 1, 4 (1st Cir. 2013).

In any event, Cruz's voluntariness argument falters on the merits. The stringent requirements of Federal Rule of Criminal Procedure 11 do not apply in the context of a supervised release revocation hearing. See, e.g., United States v. Pelensky, 129 F.3d 63, 67-68 (2d Cir. 1997) (collecting cases); United States v. Melton, 782 F.3d 306, 309 (6th Cir. 2015). Accordingly, the Court need not conduct a formal voluntariness colloquy in order to assess the validity of a defendant's plea to his violation. See, e.g., Morrisey v. Brewer, 408 U.S. 471(1971) (setting forth minimum due process requirements for parole revocation hearings without mentioning voluntariness colloquy); United States v. Correa-Torres, 326 F.3d 18, 23 (1st Cir. 2003).

Nevertheless, the Court engaged Cruz in an informal colloquy at the revocation hearing, asked him several times whether he was in pain, whether he understood his right to an evidentiary hearing on the alleged violation, and whether he appreciated the ramifications of his admission. Defense counsel informed the Court that Cruz was on medication for his kidney stones. See Docket No. 154, Hrg. Tr. at 5. As a result, the Court inquired whether Cruz was having kidney stone pain at the time of the hearing, to which Cruz responded, "I do have a little pain, but I'm more nervous than the pain." Id. at 7. The

Court also stated, "I just want to make sure that you were competent to do this." Id. At no time did Cruz state that he was in so much pain he could not proceed with the probation hearing, although he was given every opportunity to do so.

Based on this colloquy, I find that Cruz's plea to the alleged conduct was voluntary and intelligent. Having stated that his pain was controlled and that he understood the ramifications of his admission, Cruz does not now credibly argue that he was not competent by reason of his medication. See, e.g., Miranda-Gonzales v. United States, 181 F.3d 164, 165 (1st Cir. 1999). This is especially true where "[n]othing in the colloquy indicated that [Cruz] felt uncomfortable with his plea." United States v. Torres-Rosario, 447 F.3d 61, 67 (1st Cir. 2006) (affirming denial of motion to withdraw plea).

For these reasons, Cruz's ineffective assistance argument also fails. There is nothing in the record to suggest that Cruz's kidney stone medication rendered him incompetent to admit the facts underlying his violation, much less that counsel should have advised him accordingly.

## ORDER

For the foregoing reasons, the petitioner's motion pursuant to 28 U.S.C. § 2255 is **DENIED**.

/s/ PATTI B. SARIS_____
Patti B. Saris
Chief United States District Judge

4